```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    |
COBALT MULTIFAMILY INVESTORS I,     |
LLC et al.,                         |
                                    |
            Plaintiffs,             |
                                    |    06 Civ. 6172(KMW)(MHD)
     -against-                      |
                                    |    OPINION AND ORDER
LISA ARDEN, et al.,                 |
                                    |
            Defendants.             |
                                    |
-----------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

On January 22, 2009, the Receiver for plaintiffs Cobalt MultiFamily Investor I, LLC, Cobalt MultiFamily Co. I, Cobalt Capital Funding, LLC, and Vail Mountain Trust ("Plaintiffs") filed a motion seeking a default judgment against eight defendants.  Six of these defendants — Mr. H. Stephen Kirschner, Ms. Susan DeSiena, Mr. Fareah Khan, Mr. Jason Miller, Mr. Brett Stitsky, and Mr. Jared Stitsky (hereinafter "the non-responding Defendants") — have failed to respond to Plaintiffs' discovery demands.[1]

On March 11, 2009, Magistrate Judge Dolinger addressed Plaintiffs' motion in a Report and Recommendation (the "Report"),

---

[1] Plaintiffs also moved for an entry of a default judgment against defendants Ms. Susan Kagan and Mr. Michael Eisemann. The Court denies the motion with respect to these two defendants on the ground that Ms. Kagan and Mr. Eisemann have since complied with Plaintiffs' discovery requests. See Letter to the Court from Plaintiffs' counsel, June 1, 2009.

1

familiarity with which is assumed.  The Report recommends that a <u>default</u>, but not a <u>default judgment</u>, should be entered against the non-responding Defendants.  For the foregoing reasons, the Court adopts the Report's recommendation.

## I.  Magistrate Judge Dolinger's Report

The Report states that since July 2008, when Plaintiffs served their first discovery request, the non-responding Defendants have failed to comply with Plaintiffs' discovery demands and the Court's orders.  The Report concludes that the non-responding Defendants have "chosen not to participate in this case" despite warnings that "persistence in their course of inaction may lead to dispositive sanctions being imposed on them."  (Report at 6-7.)  The Report explains that the Court is justified in taking dispositive action in order to avoid the continuation of this "stalemate" that is prejudicing Plaintiffs. (Report at 7.)

The Report concludes that "a default is the only means of bringing this aspect of the current lawsuit to an equitable and efficient close," and therefore recommends that the Court issue a <u>default</u> against the six non-responding Defendants. (Report at 7.) The Report also recommends that the Court decline to issue a <u>default judgment</u> against the six non-responding Defendants, because Plaintiffs have failed to show the amount of damages each of the six non-responding Defendants owes Plaintiffs.

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they had ten days from service of the Report to file any objections.[2]  No objections have been filed to the Report, and the time to object has expired.

## II.  Analysis

The Court has reviewed the Report and finds it to be well-reasoned and free of any clear error on the face of the record.[3]  The Court agrees with the Report that "a default is the only means of bringing this aspect of the current lawsuit to an equitable and efficient close" because "no alternative and lesser sanctions are likely to resolve the impasse."  (Report at 7.)  The Court, therefore, adopts the Report's recommendation.

---

[2] The Court sent a copy of the Report to each of the non-responding Defendants.  The docket sheet indicates that the addresses for Brett Stitsky, Jared Stitsky, Susan DeSiena, and Fareah Khan were deficient, rendering the Report undeliverable.

The Court's inability to deliver the Report to the non-responding Defendants does not affect the Court's analysis.  The non-responding Defendants were aware that they were defendants in this suit, as evidenced by the fact that they filed answers to the Plaintiffs' complaint in 2006.  Accordingly, the non-responding Defendants had an obligation to keep Plaintiffs and the Court apprised of their addresses.  The non-responding Defendants' failure to provide updated addresses does not excuse their inaction.

[3] When no objections are filed to a magistrate judge's report and recommendation, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

As noted in the Report, the parties' failure to object to the Report also precludes appellate review of this Court's decision to adopt the Report. <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989)(failure to make a timely objection to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order).

### III.  **Conclusion**

For the reasons discussed above, the Court adopts the Report in its entirety. Accordingly, the Court enters a <u>default</u> against the six non-responding Defendants.

SO ORDERED.

DATED:   New York, New York
         June 4, 2009

                                       _____
                                             KIMBA M. WOOD
                                       United States District Judge

4