USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

COBALT MULTIFAMILY INVESTORS I,
LLC, et al.,

          Plaintiffs,

   -against-

LISA ARDEN, et al.,

          Defendants.

------------------------------------X

ORDER

06 Civ. 6172 (KMW) (MHD)

KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE:

    The Receiver for Plaintiffs filed a motion seeking entry of default judgment.  Defendants have failed to respond to the current motion.  In a September 9, 2010 Report and Recommendation (the "Report"), familiarity with which is assumed, Magistrate Judge Michael H. Dolinger recommended that Plaintiffs' motion for default judgment against Defendants be granted in accordance with the requested terms.

    The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), in conjunction with Federal Rule of Civil Procedure 6, they had fourteen days from service of the Report to file any objections.  The Report cautioned that failure to file timely objections would preclude appellate review.  No objections have been filed to the Report, and the time to object has expired.

1

When no objections are filed to a magistrate judge's report and recommendation, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

The Court has reviewed the Report and finds it to be well-reasoned and free of any clear error on the face of the record. The Court, therefore, accepts the recommendations and adopts the Report.

As noted in the Report, the parties' failure to object to the Report also precludes appellate review of this Court's decision to adopt the Report. The Second Circuit has held that failure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order. See DeLeon v. Strack, 234 F.2d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Small, 892 F.2d at 16 (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

Accordingly, the Court adopts the Report in its entirety. The Court GRANTS the motion for default judgment (D.E. 124), and

enters default judgments against the defaulted Defendants in accordance with the terms requested by the Receiver and summarized in the Report. The clerk is ordered to close the case. All pending motions are moot.

SO ORDERED.

Dated:   New York, New York
         September **28**, 2010

                                                       Kimba M. Wood
                                          United States District Judge