UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

COBALT MULTIFAMILY INVESTORS I, LLC, et al.,

                Plaintiffs,

   -against-

LISA ARDEN, et al.,

                Defendants.
-------------------------------------------------------------X
KIMBA M. WOOD, USDJ:

OPINION AND ORDER

06 Civ. 6172 (KMW) (MHD)

**I.**    **Background**

On February 24, 2011, Anthony Paduano, Esq., the court-appointed receiver ("Receiver") for Plaintiffs Cobalt Multifamily Investors I LLC, Cobalt Multifamily CO. I, LLC, Cobalt Capital Funding, LLC, and Vail Mountain Trust ("the Cobalt Entities") moved for summary judgment against Arthur Landsman, Michael Eisemann, Susan Kagan, John Dundon (the "individual defendants"), and Comvest Financial Corporation (collectively, "Defendants").[1]

The Receiver moved for summary judgment on (1) his first cause of action, against Defendants for violations of Section 12(a)(1) of the Securities Act by selling unregistered securities, and (2) his third cause of action against Defendants for disgorgement of commissions paid to Defendants for their sale of unregistered securities, and for additional disgorgement under the theory that Defendants have been unjustly enriched.

On September 9, 2011, Magistrate Judge Michael H. Dolinger issued a Report and Recommendation (the "R&R"), familiarity with which is assumed. In the R&R, Judge Dolinger

---

[1] All other defendants have either settled or have had judgments entered against them.

recommended that (1) summary judgment on the Receiver's first cause of action for sale of unregistered securities be granted against the individual defendants, but denied against Comvest Financial Corporation; and (2) summary judgment on the Receiver's third cause of action be granted as against the individual defendants, who shall be ordered to disgorge the commissions that they received for their sale of unregistered securities; but (3) summary judgment be denied against Defendant for additional disgorgement on the theory of unjust enrichment.

## II.     Legal Standard

The R&R informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), they had fourteen days from service of the R&R to file any objections. No objections have been filed to the Report, and the time to object has expired.

When no objections are filed to an R&R, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

As noted in the R&R, the parties' failure to object to the R&R also precludes appellate review of this Court's decision to adopt the R&R. The Second Circuit has held that failure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). The Supreme Court has also upheld this practice, "at least when the parties receive clear notice of the consequences of their failure to object." Small, 892 F.2d at 16 (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

## III.    Analysis

2

The Court has reviewed the R&R and finds it to be well-reasoned and free of any clear error on the face of the record.

The Court thus adopts the R&R in its entirety. Accordingly, (1) summary judgment on the Receiver's first cause of action for sale of unregistered securities is GRANTED against the individual defendants and denied against Comvest; and (2) summary judgment on the Receiver's third cause of action is GRANTED against the individual defendants, who are ordered to disgorge the commissions that they received for their sale of unregistered securities;[2] and (3) summary judgment is DENIED with respect to any additional disgorgement on the theory of unjust enrichment.

The Receiver shall submit a status letter to the Court by October 12, 2011 outlining how he intends to proceed with the case, and whether the case should be closed.

The Clerk of Court shall terminate Docket Entry Number 139.

SO ORDERED.

Dated: New York, New York
       September 30, 2010

                                   /s/ Kimba M. Wood
                                   Kimba M. Wood
                                   United States District Judge

---

[2] Defendants Eisemann, Landsman, Kagan, and Dundon are ordered to disgorge $39,115.59, $13,425.00, $71,234.45, $2,223.00, respectively. (See R&R at 35.)

3