UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

COBALT MULTIFAMILY INVESTORS I, LLC, et al.,

        Plaintiffs,          OPINION & ORDER
                                                            06 Civ. 6172 (KMW) (MHD)

   -against-

LISA ARDEN, et al.,

        Defendants.
------------------------------------------------------------------X
KIMBA M. WOOD, USDJ:

      The court-appointed receiver (the "Receiver") for Plaintiffs Cobalt Multifamily Investors I, LLC, and its related entities seeks an extension of time to serve Defendants Jared Stitsky and Brett Stone (f/k/a Brett Stitsky) (collectively, "Defendants"). For the reasons stated below, the Receiver's request is GRANTED.

**I.   BACKGROUND**

      The Receiver initiated this action on August 14, 2006 to recover commissions paid to Cobalt sales employees while Cobalt was engaged in securities fraud. The Receiver's process server filed affidavits of service on Brett Stone and Jared Stitsky dated October 11, 2006 and November 20, 2006, respectively. [Dkt. Nos. 18, 35]. The affidavits assert that service on Brett Stone was accepted by his mother, with a mailed copy sent shortly thereafter, and that Jared Stitsky was personally served. Pro se answers for Jared Stitsky and Brett Stone were received on December 7, 2006. [Dkt. Nos. 53, 54]. No other filings were submitted by Defendants in this action, and the Court granted default judgments against them on September 28, 2010, *see Cobalt Multifamily Investors I, LLC v. Arden*, 06 Civ. 6172, 2010 WL 3790915 (S.D.N.Y. Sept. 28, 2010) (Wood, J.) (adopting report and recommendation of Magistrate Judge Dolinger, 2010 WL

1

3791040 (S.D.N.Y. Sept. 9, 2010)) [Dkt. Nos. 131, 132], which were entered on October 17, 2011, [Dkt. Nos. 156, 158].

On July 24, 2013, Defendants filed an order to show cause that disputed service and moved to vacate the default judgments against them. [Dkt. No. 195]. After a two-day hearing beginning on September 3, 2013, the Court found that Defendants had not been served, and vacated the default judgments as void for lack of personal jurisdiction. [Dkt. No. 207]. The Court's ruling was based on: (i) credible testimony by Defendants that they had never received the summons and complaint; (ii) evidence that the Receiver's process server had acted carelessly; and (iii) testimony by Defendants' father, Irving Stitsky (one of Cobalt's three principals, who is currently in prison for his role in the fraud), that he had submitted Defendants' answers without their knowledge or consent, after he had stolen a copy of the complaint intended for Brett Stone from Defendants' mother's mailbox.

The Receiver now seeks to extend the time for service of the summons and complaint upon Defendants, pursuant to Federal Rule of Civil Procedure 4(m). [Dkt. No. 209]. Because the Receiver has demonstrated good cause for an extension of time, the Court grants its request.

## II. ANALYSIS

### A. Applicable Law

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a defendant "within 120 days after the complaint is filed." The Rule provides, however, that "if the plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." In the absence of good cause, the court may either "dismiss the action without prejudice" or, in its discretion, "order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir.

2007) (holding that "district courts have discretion to grant extensions even in the absence of good cause"); *see, e.g.*, *Ligon v. City of New York*, 12 Civ. 2274, 2013 WL 3502127, at *2 (S.D.N.Y. July 12, 2013) (Scheindlin, J.) (granting a discretionary extension of time for service, "[d]espite the absence of good cause").

"Good cause" typically exists "only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (Kram, J.), *aff'd*, 173 F.3d 844 (2d Cir. 1999). In determining whether a plaintiff has shown good cause, courts in the Second Circuit generally "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (Leisure, J.). A district court's "determinations on whether good cause is present (and, if so, how long an extension would be appropriate) are exercises of discretion." *Zapata*, 502 F.3d at 197.

### B. The Receiver Has Demonstrated Good Cause

The Receiver has shown "good cause" for its failure to effectuate service. The actions of Defendants' father—covertly intercepting a mailed copy of the complaint and filing fraudulent answers on Defendants' behalf—plainly constitute "exceptional circumstances … beyond the plaintiff's control." *Howard*, 977 F. Supp. at 658.

Given these exceptional circumstances, the Receiver exhibited reasonable effort and diligence. It had sent a member of its staff to personally serve the summons and complaint on Defendants. Having received answers from Defendants that did not object to service or personal jurisdiction, the Receiver had no reason to suspect that Defendants had not been adequately served. In fact, as the Receiver notes in its request for an extension, filing an answer without an

assertion of improper service and before any other motion waives that defense.  *See* Fed. R. Civ. P. 12(h)(1); *see, e.g.*, *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095–96 (2d Cir. 1990) (finding that the defendant had "waived any defense of insufficiency of service of process" where it failed to adequately raise the defense in its answer and had made no pre-answer motions).  After the Court vacated the default judgments against Defendants, the Receiver promptly requested an extension of time for service.

Defendants contend that, if the Receiver's request is granted, they will be disadvantaged by faded memories and lost documents.  But they do not specifically explain, beyond general speculation, how their defense will be impaired.  *Cf. Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 51 (E.D.N.Y. 2003) (rejecting defendant's "conclusory statement … that 'it [is] ever more difficult to establish underlying facts' now that 'the underlying dispute … is almost five years old'").  And to the extent that the Receiver has retained relevant records that Defendants do not have, Defendants can review this material in discovery.  Although it is possible Defendants might be prejudiced by the passage of time, this possibility does not outweigh the Receiver's reasonable efforts to effectuate service, especially where Defendants' father was substantially responsible for the passage of time.

Even if Defendants could establish sufficient prejudice to preclude a finding of good cause, the Court would nonetheless grant an extension of time in its own discretion.  *See Zapata*, 502 F.3d at 196.  The Receiver represents that the statute of limitations has run on its claims.  Hence, although dismissal under Federal Rule of Civil Procedure 4(m) is without prejudice, in this case the practical effect of not granting the Receiver's request would be a dismissal with prejudice.  "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis."  *AIG Managed Mkt.*

*Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000) (Sweet, J.); *see also* Advisory Committee Note to Federal Rule of Civil Procedure 4(m) ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action …."); 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1137 (3d ed. updated 2013) (recommending that courts "allow a plaintiff time to re-serve" where "significant flaws" in service "fail to come to light until well after the 120-day period has elapsed" and a "good faith plaintiff would be barred by the statute of limitations").  Denying the Receiver an extension of time—effectively dismissing this case with prejudice—would reward Irving Stitsky's act of filing false answers, and could unfairly limit the recovery of money owed to victims of Cobalt's fraud.

## III.  CONCLUSION

The Receiver's request for an extension of time to serve Defendants is GRANTED.  The Court directs that the Receiver serve Defendants within thirty days from the date of this opinion.[1]

SO ORDERED.

Dated:  New York, New York
        October 24, 2013

/s/_____
Kimba M. Wood
United States District Judge

---

[1] In a footnote at the end of their letter opposing the extension of time, Defendants request an award of costs and attorneys' fees incurred in their motion to vacate the default judgment.  Having found good cause in this case, the Court easily denies this request.