UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

COBALT MULTIFAMILY INVESTORS I, LLC, et al.,

        Plaintiffs,                                        OPINION & ORDER
                                                                      06-CV-6172 (KMW) (MHD)
    -against-

LISA ARDEN, et al.,

        Defendants.
------------------------------------------------------------------X
KIMBA M. WOOD, USDJ:

        Defendant Jared Stone (f/k/a Jared Stitsky) ("Defendant") moves to dismiss the complaint against him in this action, arguing that he was not timely served. The court-appointed receiver (the "Receiver") for Plaintiffs Cobalt Multifamily Investors I, LLC, and its related entities ("Cobalt") cross-moves for (i) an extension of time to serve Defendant, and (ii) the costs of service. For the reasons stated below, the Court GRANTS the Receiver's cross-motion for an extension of time for service. Defendant's motion to dismiss is thus DENIED. The Receiver's motion for the costs of service is DENIED.

### I. BACKGROUND

        This action was initiated on August 14, 2006, to recover commissions paid to Cobalt sales employees while Cobalt was engaged in securities fraud. Default judgments were entered against Defendant and his brother Brett Stone (f/k/a Brett Stitsky) (collectively, "Defendants") in 2010, but the Court vacated the judgments in September 2013, after finding that Defendants had not been served. *See* Dkt. No. 207. The Court's ruling was based on:

> (i) credible testimony by Defendants that they had never received the summons and complaint; (ii) evidence that the Receiver's process server had acted carelessly; and (iii) testimony by Defendants' father, Irving Stitsky (one of Cobalt's three principals, who is currently in prison for his role in the fraud), that he had submitted Defendants' answers without their knowledge or consent, after he had stolen a copy

1

>of the complaint intended for Brett Stone from Defendants' mother's mailbox.

*Cobalt Multifamily Investors I, LLC v. Arden*, 06-CV-6172, 2013 WL 5780810, at *1 (S.D.N.Y. Oct. 24, 2013) (Wood, J.) (the "*October 24 Order*").

On October 24, 2013, the Court granted the Receiver a thirty-day extension of time to serve Defendants. *See id.* at *2–3. The Court found that the Receiver had demonstrated good cause for an extension of time, noting the exceptional circumstances beyond the Receiver's control and the Receiver's reasonable efforts and diligence. *Id.* at *2. The Court added that, even in the absence of good cause, an extension of time was warranted. *Id.* at *3.

Following the *October 24 Order*, the Receiver sent Defendants a request to waive service of process. *See* Hackell Decl. ¶¶ 3–5, Ex. A [Dkt. No. 232]. Defendant's brother, Brett Stone, executed the waiver of service, but Defendant did not. *See id.* ¶ 9, Ex. D.

After ten days passed without a response from Defendant to the request to waive service, the Receiver hired a third-party process server company and attempted to serve Defendant at his home and business. *Id.* ¶¶ 10–11. A process server went to Defendant's apartment building five times between November 7 and November 20, 2013. *See* Green Aff. of Service [Dkt. No. 212]; Hackell Decl. ¶¶ 14, 17. On the first four visits, the process server sought to personally serve Defendant; but on each occasion, the doorman at the apartment building called Defendant's apartment and received no answer. *Id.* On the fifth visit, on November 20, 2013, the process server left the service papers with the doorman to give to Defendant. *See* Green Aff. of Service; Hackell Decl. ¶ 17. The following day, the process server mailed a copy of the summons and complaint to Defendant's home. *Id.*

Two other process servers went to Defendant's business five times, collectively, between November 12 and November 19, 2013. *See* Figueroa Aff. of Service [Dkt. No. 213]; Mills Aff. of Service [Dkt. No. 211]; Hackell Decl. ¶¶ 12–13, 16. As with the attempts to serve Defendant at his

home, the attempts to serve Defendant personally at his business were unsuccessful; on each visit, the process server was informed that Defendant was not present. *See id.* On the fifth trip to Defendant's business, on November 19, 2013, the process server left the service papers with another employee at Defendant's business. *See* Mills Aff. of Service; Hackell Decl. ¶ 16. The following day, the process server mailed a copy of the summons and complaint to Defendant's business. *See id.* Affidavits of service for the Receiver's process servers were filed on November 22, 2013.

## II.     EXTENSION OF TIME FOR SERVICE

Defendant argues that the Receiver failed to effectuate service within the thirty-day period set by the Court in the *October 24 Order*. Defendant accepts that he was served but contends that service was not complete until ten days after the filing of proof of service. *See* Def.'s Mem. of Law 6–7 [Dkt. No. 222] (citing N.Y. C.P.L.R. § 308(2)). Because the Receiver did not file the affidavits of service until November 22, 2013, just before the end of the thirty-day period, Defendant argues that service was not complete until December 2, 2013, and thus was not timely. *Id.* at 7. The Receiver disputes Defendant's contentions and asserts that service was proper and timely at both Defendant's home and business. This dispute is moot, however, because even assuming the truth of Defendant's assertions, a discretionary extension of the time for service to December 2, 2013, is warranted under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)").

Rule 4(m) provides that, if a defendant is not timely served, the court may either "dismiss the action without prejudice," or, in its discretion, "order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (holding that "district courts have discretion to grant extensions even in the absence of good cause"). If a plaintiff "shows good cause" for a failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Although it is not clear that good cause for a mandatory extension is present,[1] the Court finds that the circumstances more than justify a discretionary extension of time. In assessing whether to grant a discretionary extension of time, courts in this Circuit typically consider (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the plaintiff's time for service. *See, e.g.*, *Park Plus, Inc. v. Ardeon Realty Corp.*, 13-CV-6917, 2014 WL 338543, at *2 (S.D.N.Y. Jan. 28, 2014) (Failla, J.). Other considerations include "whether service was eventually accomplished," and if so, how long after the required time period. *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D. Vt. 1996); *see also, e.g.*, *Ulloa v. City of New York*, 13-CV-5795, 2014 WL 1100226, at *3 (S.D.N.Y. Jan. 6, 2014) (Hellerstein, J.) (noting "the short period of time" that had passed since the service deadline, and granting a discretionary extension of time).

These considerations support an extension of time in this case. As noted in the *October 24 Order*, the Receiver represents that the statute of limitations has run on its claims. *See* 2013 WL 5780810, at *3. Moreover, Defendant has had notice of the claims against him in this case since at least July 2013, when he moved to vacate the default judgment against him, and he has been represented by the same attorneys since that time. And although there is no suggestion that Defendant attempted to conceal a defect in service, Defendant has not shown any prejudice to him

---

[1] "Good cause" for a mandatory extension typically exists "only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (Kram, J.), *aff'd*, 173 F.3d 844 (2d Cir. 1999). In the *October 24 Order*, for example, this Court found that Defendants' father's covert interception of a mailed copy of the complaint and filing of fraudulent answers on Defendants' behalf constituted "'exceptional circumstances ... beyond the plaintiff's control.'" 2013 WL 5780810, at *2 (quoting *Howard*, 977 F. Supp. at 658). Here, the Receiver speculates that Defendant intentionally evaded service, which other courts have found constitutes "good cause." *See Ketchuck v. Ferris*, 10-CV-870, 2011 WL 3666594, at *3 (N.D.N.Y. Mar. 31, 2011) ("Evasion of service by a putative defendant constitutes good cause for failure to serve."), *report and recommendation adopted*, 2011 WL 3666589 (N.D.N.Y. Aug. 22, 2011). Given that the Court finds that a discretionary extension is warranted, the Court leaves this factual accusation unresolved; holding a hearing to decide it would be unnecessary and contrary to "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; *see also Zapata*, 502 F.3d at 197 (stating that "we owe deference to the district court's exercise of discretion" as to whether to first assess good cause before deciding to grant an extension in the absence of good cause).

from extending the time for service by less than two weeks, when even Defendant concedes service was complete.

### III. MOTION TO DISMISS

Because the Court grants the Receiver's motion to extend the time for service, Defendant's motion to dismiss on the basis of untimely service is denied.

### IV. COSTS FOR SERVICE

The Receiver argues that Defendant should be ordered to pay the costs of service, as a result of his failure to return a waiver of service. Federal Rule of Civil Procedure 4(d) ("Rule 4(d)") provides that if a defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff," the court must impose on the defendant "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Rule 4(d) requires that the waiver request "give the defendant a reasonable time of at least 30 days after the request was sent … to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). The Receiver sent the waiver of service request to Defendant on October 25, 2013. *See* Hackell Decl. ¶ 3, Ex. A. Defendant had, therefore, at least 30 days from October 25, 2013, to return the waiver.

Because the Receiver incurred its costs of service before Defendant's time to return the waiver had expired, the Receiver is not entitled to reimbursement of those costs. Rule 4(d)'s "cost-shifting provisions … are limited to costs of effecting service incurred *after* the time expires for the defendant to return the waiver." Fed. R. Civ. P. 4 Advisory Committee's Notes to the 1993 Amendments (emphasis added); *see, e.g.*, *Koellen v. Pollard*, 08-C-1038, 2010 WL 2330270, at *2 (E.D. Wis. June 7, 2010) (denying costs under Rule 4(d) where "the plaintiff chose to incur the costs of personal service before the time ended for the defendants to return the waiver of service"); *cf.* 4A Charles Alan Wright et al., *Federal Practice & Procedure* § 1092.1 (3d ed. updated April 2014) ("The

procedure for requesting waiver of service obviously should not be used if the time for service … will expire before the date on which the waiver must be returned."); *cf. also Andrew v. Clark*, 561 F.3d 261, 272 (4th Cir. 2009) (affirming a denial of costs and fees associated with service based on a finding that the waiver request did not afford the defendant "a reasonable time to waive service"). The Receiver's request for costs of service is denied.

## V.     CONCLUSION

For the reasons stated above, the Court (i) GRANTS the Receiver's cross-motion for an extension of time for service; (ii) DENIES Defendant's motion to dismiss; and (iii) DENIES the Receiver's motion for the costs of service.

SO ORDERED.

Dated:      New York, New York
            July 31, 2014


                                            /s/
                                    Kimba M. Wood
                                    United States District Judge

6